UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS MANUEL ARMENDARIZ,<br>Defendant. | Case No.  5:11-cr-00355-20 EJD<br><br>**ORDER GRANTING MOTION FOR REDUCED SENTENCE**<br><br>Re: ECF No. 1155 |

On July 28, 2016, Jesus Manuel Armendariz pleaded guilty to various gang-related charges, including one count of using a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c).  After this Court sentenced Mr. Armendariz, the Supreme Court held that the residual clause of § 924(c) was unconstitutionally vague.  *United States v. Davis*, 139 S. Ct. 2319 (2019).  Arguing that *Davis* rendered his § 924(c) conviction and corresponding sentence invalid, Mr. Armendariz now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release.  The government opposes his motion.  For the reasons set forth below, the Court will **GRANT** Mr. Armendariz's motion for a sentence reduction.

I.  **BACKGROUND**

In early 2014, Mr. Armendariz was charged with several counts related to his involvement with the Sureño gang.  ECF No. 142.  On July 28, 2016, he pleaded guilty to three counts: (1) RICO conspiracy in violation of 18 U.S.C. § 1962(d); (2) use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); and (3) conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a), and 841(b).  *Id.*; ECF No. 595.  The Court sentenced Mr. Armendariz to fifteen years in custody, consisting of ten years for

the RICO and drug distribution counts, to run concurrently, and a mandatory consecutive term of five years for the § 924(c) count. ECF No. 659. During his incarceration, Mr. Armendariz maintained a clean record apart from three disciplinary violations for refusing work assignments. ECF No. 1155-1 ("Spero Decl."), Ex. E at 1.

While Mr. Armendariz was serving his sentence, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c) was unconstitutional. *Davis*, 139 S. Ct. 2319. Shortly afterwards, several of Mr. Armendariz's codefendants moved under 28 U.S.C. § 2255 to vacate their § 924(c) convictions and sentences. ECF Nos. 921, 967, 978, 983, 986. The government conceded that, post-*Davis*, the RICO convictions in this case do not qualify as "crimes of violence" supporting a § 924(c) conviction. ECF No. 929 at 1-2; ECF No. 992 at 6; ECF No. 997 at 5; ECF Nos. 1013, 1035. Consequently, the Court vacated those codefendants' § 924(c) convictions and sentences. ECF Nos. 932, 1006, 1009, 1022, 1043.

Mr. Armendariz did not learn about *Davis* until much later. On February 3, 2020, the Federal Public Defender's office informed Mr. Armendariz's trial counsel that Mr. Armendariz was likely eligible for relief under *Davis*, and that trial counsel should so advise Mr. Armendariz. Spero Decl. ¶ 3. Trial counsel failed to do so, and Mr. Armendariz did not hear about *Davis* until late 2020, when a fellow inmate told him about the decision. Spero Decl., Ex. A ("Armendariz Decl.") ¶ 3. Upon learning of *Davis*, Mr. Armendariz asked his wife to contact trial counsel, but she was unable to connect with trial counsel until the summer of 2021 because she was undergoing treatment for cancer. *Id.* At that point, trial counsel directed her to the Federal Public Defender's office, who then appointed new counsel to represent Mr. Armendariz. *Id.* Because the one-year statute of limitations for § 2255 motions had run, Mr. Armendariz instead filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court has discretion to "reduce the term of imprisonment" if there are "extraordinary and compelling reasons warrant[ing] such a reduction" and a rebalancing of "the factors set forth in section 3553(a)[,] to the extent that they are

applicable," also supports reduction.[1]  Section 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons" but does specify that sentence reductions must be "consistent with applicable policy statements issued by the Sentencing Commission."  In turn, the Sentencing Commission has issued a policy statement regarding § 3582(c)(1)(A) that identifies three categories of extraordinary and compelling reasons: medical conditions, age, and family circumstances.  U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13.  However, § 1B1.13 provides that it applies only to "motion[s] of the Director of the Bureau of Prisons," and on that basis, the Ninth Circuit has held that § 1B1.13 is not binding on courts that are deciding motions filed by defendants.  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).  Accordingly, § 1B1.13 may "inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant," *id.*, but courts are "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise."  *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)) (emphasis and alteration in original).

### III.   DISCUSSION

#### A.   Extraordinary and Compelling Reasons

As this Court and many others have held, disparities between a defendant's actual sentence and the one he would have received under current sentencing law may constitute an extraordinary and compelling reason for reducing his sentence when combined with other individual circumstances.  *See, e.g.*, *United States v. Jones*, 482 F. Supp. 3d 969, 979-80 (N.D. Cal. 2020) (collecting cases); *United States v. Stephenson*, 461 F. Supp. 3d 864, 873 (S.D. Iowa 2020) (same); *United States v. McGee*, 992 F.3d 1035, 1046-48 (10th Cir. 2021) (holding that a change in sentencing provisions may support compassionate release in conjunction with individual circumstances); *McCoy*, 981 F.3d at 286 ("[T]he district courts permissibly treated as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those

---

[1] Section 3582(c)(1)(A) also contains an exhaustion provision.  The parties agree that exhaustion poses no obstacle here, so the Court does not further address the issue.  ECF No. 1155 at 4-5; ECF No. 1175 at 2.

provided for under the First Step Act."). Here, the Supreme Court's decision in *Davis* creates just such a disparity. When Mr. Armendariz was sentenced to fifteen years in prison, his § 924(c) conviction required this Court to impose a mandatory consecutive term of five years. ECF No. 659. Following *Davis*, his § 924(c) sentence is no longer valid, and the government concedes as much. *See, e.g.*, ECF No. 929 at 1-2. Today, Mr. Armendariz would likely receive a ten-year sentence, a term that is one-third shorter than the one he is currently serving.

The government raises two arguments for why this disparity is not extraordinary and compelling. First, it argues that the sentencing disparity is not significant enough to warrant relief. ECF No. 1175 at 5. According to the government, even absent the § 924(c) conviction, Mr. Armendariz's Sentencing Guidelines range would still be 14-17.5 years today, so his current sentence of fifteen years is consistent with present sentencing law. *Id.* But this argument ignores the fact this Court was previously faced with that same range at sentencing and nonetheless found that a downward variance to ten years was justified. ECF No. 645 ("Presentence Report," filed under seal) at 22; ECF No. 746 ("Sentencing Tr.") at 16.[2] The Court sees no reason to disturb its prior conclusion. In the alternative, the government contends that a change of five years in sentencing law is too short to be compelling. ECF No. 1175 at 5. That argument reflects a grave misunderstanding of the burdens of incarceration. Loss of liberty and separation from friends and family bear heavily on a person whether it is for five years or for fifteen. This is not a case where a defendant is asking the Court to release him a week early—a five-year reduction is certainly sufficient to merit compassionate release.

Second, the government faults Mr. Armendariz for failing to file a § 2255 motion, as several of his other codefendants did. ECF No. 1175 at 5-6. To be sure, a motion under § 3582(c)(1)(A) is not an all-purpose substitute for § 2255. Had the failure to file a timely motion been due to Mr. Armendariz's personal carelessness or neglect, perhaps he would be unable to make out extraordinary and compelling reasons for compassionate release. That is not what

---

[2] The range of 14-17.5 years does not account for the two-level reduction applied pursuant to Mr. Armendariz's plea agreement, which reduced the range to approximately 11-14 years and which was also available to the Court at sentencing. Sentencing Tr. at 4.

happened here. Rather, Mr. Armendariz did not file a § 2255 motion due to lapses by his trial counsel, who was specifically advised to inform Mr. Armendariz about the effect of *Davis* yet failed to do so. Spero Decl. ¶ 3; Armendariz Decl. ¶ 3. What is more, the record here strongly supports the conclusion that, had trial counsel timely contacted Mr. Armendariz and filed a § 2255 motion on his behalf, Mr. Armendariz likely would have received the five-year sentence reduction that he is asking for now. Five of his codefendants successfully vacated their § 924(c) convictions and sentences through § 2255 motions, ECF Nos. 932, 1006, 1009, 1022, 1043, and the government repeatedly conceded that the § 924(c) sentences in this case were invalid. ECF No. 929 at 1-2; ECF No. 992 at 6; ECF No. 997 at 5; ECF Nos. 1013, 1035. The particular circumstances here cut strongly in favor of granting compassionate release, because it would be manifestly unjust to deny Mr. Armendariz a sentence reduction he likely would have received but for his trial counsel's inaction.

The Court concludes that the gross sentencing disparity in Mr. Armendariz's case, combined with his individual circumstances—the government's concession that the § 924(c) sentence is invalid, his trial counsel's failure to contact him, and the high probability that his sentence would have been reduced if he were able to file a § 2255 petition on time—constitute extraordinary and compelling reasons justifying a reduction in sentence.

### B.   Danger Posed by Release

In analyzing Mr. Armendariz's motion, the Court also considers whether his release would pose a danger to others or to the community. Although evaluating danger posed by release is not statutorily required by § 3582(c)(1)(A)(i) when evaluating compassionate release for extraordinary and compelling reasons, it is a part of the policy statement in U.S.S.G. § 1B1.13. *Aruda*, 993 F.3d at 799. As such, the question of whether Mr. Armendariz poses a danger informs this Court's discretion but does not bind it. *Id.* at 799, 802.

The Court is satisfied that Mr. Armendariz will not pose a danger if he is released. While Mr. Armendariz's offenses are serious, the Court observes that he did not directly participate in any gang violence and did not have any prior criminal history. Sentencing Tr. at 13-16; Presentence Report ¶¶ 45-50. Moreover, in the years since, Mr. Armendariz has not engaged in

violence while in prison and has maintained a clean disciplinary record apart from refusing work assignments on three occasions. Spero Decl., Ex. E at 1. Even then, Mr. Armendariz only refused those assignments because he had renounced his gang affiliation and was worried that the assignments would expose him to attacks as a gang dropout. Armendariz Decl. ¶ 4. Indeed, the fact that Mr. Armendariz has disassociated himself from his former gang is strong evidence that he will not pose a danger if released. Therefore, the Court finds that this factor weighs in favor of a reduced sentence.

### C. Rebalancing of § 3553(a) Factors

Section 3553(a) identifies seven factors: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims." *United States v. Hernandez*, 795 F.3d 1159, 1168 (9th Cir. 2015). Section 3553(a) identifies additional considerations for courts weighing the second factor, including the seriousness of the offense, whether a longer sentence is needed to protect the public, and the need to provide a defendant with training or correctional treatment. 18 U.S.C. § 3553(a). Upon considering all applicable factors, the Court concludes that a reduction in Mr. Armendariz's sentence is warranted.

The second factor weighs in favor of reducing Mr. Armendariz's sentence because there is ample evidence that Mr. Armendariz has been rehabilitated and further incarceration is unnecessary. *See Jones*, 482 F. Supp. 3d at 983-84 (considering evidence of rehabilitation when rebalancing § 3553(a) factors). At sentencing, Mr. Armendariz expressed contrition for his role in the charged offenses and committed to improving himself for both his family and his community. Sentencing Tr. at 11. He has demonstrated through his actions that he is sincere about bettering himself. Not only has Mr. Armendariz renounced his gang ties, Armendariz Decl. ¶¶ 2, 4, he has earned his GED, Spero Decl., Ex. B, earned a certificate in air conditioner repair and worked as

part of the prison maintenance staff, Spero Decl., Ex. C, and taken several classes aimed at preparing inmates to be productive members of society, Spero Decl., Ex. D.  Further, Mr. Armendariz has maintained a remarkably clean record in prison, with only three violations related to his refusal of work assignments that he believed would jeopardize his safety.  Armendariz Decl. ¶ 4.  Moreover, reducing Mr. Armendariz's sentence by the now-invalid five-year § 924(c) sentence maintains the ten years for Mr. Armendariz's RICO and drug distribution convictions.  This adequately reflects the seriousness of Mr. Armendariz's valid convictions.  And because the Court concluded above that Mr. Armendariz would not be a danger if released, a longer sentence is not necessary to protect the public.

The first, third, and sixth factors also weigh in favor of a reduced sentence.  As discussed above, notwithstanding the severity of the offenses, Mr. Armendariz did not participate in gang violence and did not have a prior criminal history, and the five-year mandatory consecutive sentence for § 924(c) is no longer available.  Additionally, several of Mr. Armendariz's codefendants have already had their § 924(c) sentences vacated, so denying Mr. Armendariz's motion would preserve a disparity between Mr. Armendariz and his codefendants.  Only the fourth factor cuts against Mr. Armendariz's motion, because the Sentencing Guidelines range for Mr. Armendariz is 14-17.5 years.  The parties do not argue that fifth and seventh factors are applicable, so the Court does not consider them.

Weighed as a whole, the § 3553(a) factors support a reduced sentence.  The government does not contest any particular factor of the § 3553(a) analysis, but instead argues that Mr. Armendariz has not served enough of his original sentence to be eligible for compassionate release.  ECF No. 1175 at 8-9.  While it is true that courts can consider length of time remaining on a sentence, the remaining sentence is not an independent § 3553(a) factor.  Rather, courts consider the length of the remaining sentence in the context of specific § 3553(a) factors.  *See United States v. Shayota*, No. 15-CR-00264-LHK-1, 2020 WL 2733993, at *5 (N.D. Cal. May 26, 2020) (release of defendant who had served only six percent of his sentence concerned the "sentencing disparities among defendants" factor); *United States v. Furaha*, 445 F. Supp. 3d 99, 103 (N.D. Cal. 2020) (80 percent reduction in custodial time would have contravened the "need

for the sentence imposed" factor); *United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (length of remaining sentence relevant to "need for sentence imposed" factor). The Court has already determined that reducing Mr. Armendariz's sentence by five years meets the sentencing needs articulated by the second factor of § 3553(a), and that doing so would ameliorate sentencing disparities between codefendants, not create them. The mere fact that Mr. Armendariz has five years left in his original sentence does not undermine those conclusions, nor does it change the Court's analysis of any other § 3553(a) factor.

Accordingly, the Court finds that a rebalancing of the § 3553(a) factors supports Mr. Armendariz's motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mr. Armendariz's motion for compassionate release pursuant to § 3582(c)(1)(A). The Court hereby reduces Mr. Armendariz's sentence for his § 924(c) conviction by five years but does not otherwise alter his sentence. Pursuant to the terms of his sentence, he shall be on supervised release for five years upon release, and the previously imposed conditions of supervised release remain in place.

The order is **STAYED FOR UP TO SEVEN DAYS** to allow for verification of residence and release plan. Mr. Armendariz shall be released as soon as a residence is verified, a release plan is established, and appropriate travel arrangements are made. There shall be no delay in arranging travel. If more than seven days are needed to make appropriate travel arrangements and ensure Mr. Armendariz's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS SO ORDERED.**

Dated: February 8, 2023

EDWARD J. DAVILA
United States District Judge